Nos. 23-12408-E & 23-12411-J (consolidated)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

♦

BLAKE WARNER,

*Plaintiff-Appellant*,

v.

SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA,

*Defendant-Appellee*.

♦

On Appeal from the United States District Court
for the Middle District of Florida
(8:23-cv-00181-SDM-JSS & 8:23-cv-01029-SDM-SPF)

## REPLY BRIEF OF APPELLANT

| | |
|---|---|
| Jeffrey C. Mateer | Aaron M. Streett |
| Hiram S. Sasser, III | **BAKER BOTTS LLP** |
| David J. Hacker | 910 Louisiana Street |
| Justin E. Butterfield | Houston, Texas 77002-4995 |
| **FIRST LIBERTY INSTITUTE** | Tel: 713.229.1234 |
| 2001 W. Plano Pkwy., Suite 1600 | Fax: 713.229.1522 |
| Plano, Texas 75075 | aaron.streett@bakerbotts.com |
| Tel: 972.941.4444 | |
| Fax: 972.941.4457 | Matthew P. Erickson |
| jmateer@firstliberty.org | Matthew M. Hilderbrand |
| hsasser@firstliberty.org | **BAKER BOTTS LLP** |
| dhacker@firstliberty.org | 401 South 1st Street, Suite 1300 |
| jbutterfield@firstliberty.org | Austin, Texas 78704-1296 |
| | Tel: 512.322.2500 |
| | Fax: 512.322.2501 |
| | mattthew.erickson@bakerbotts.com |
| | matthew.hilderbrand@bakerbotts.com |

*Attorneys for Appellant Blake Warner*

# TABLE OF CONTENTS

TABLE OF CITATIONS ................................................................................... ii

ARGUMENT .......................................................................................................1

CONCLUSION ...................................................................................................2

CERTIFICATE OF COMPLIANCE ..................................................................4

CERTIFICATE OF SERVICE ............................................................................5

# TABLE OF CITATIONS

**Page(s)**

**CASES**

*Devine v. Indian River Cnty. Sch. Bd.*,
 121 F.3d 576 (11th Cir. 1997), *overruled in part by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007)............................1, 2

*Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007)......................................2

**STATUTES**

Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*...............1

**OTHER AUTHORITIES**

Fed. R. App. P. 36, I.O.P. 7 .................................................................................1

11th Cir. R. 36-2 ..................................................................................................1

## ARGUMENT

Appellee filed a one-and-a-half-page response brief stating generally that it believes the district court properly applied this Court's precedents, but taking "no position on Warner's assertion that the precedent is wrong." Appellee's Br. at 2.

Appellant wishes only to reiterate, as he explained in his opening brief, that the "precedents" in question are all unpublished—except for *Devine*. *See* Appellant's Br. at 9 (citing *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581-82 (11th Cir. 1997), *overruled in part by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)). Thus, they are not precedents. *See* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."); Fed. R. App. P. 36, I.O.P. 7 ("The court generally does not cite to its 'unpublished' opinions because they are not binding precedent.").

As explained in the opening brief, *Devine* does not support the district court's judgment for three reasons. First, its holding was narrow, applying only to cases under the Individuals with Disabilities Education Act (IDEA),

1

20 U.S.C. § 1400 *et seq. See Devine*, 121 F.3d at 581-82. Second, that holding was expressly overruled by the Supreme Court in *Winkelman*, 550 U.S. at 535. Third, even if *Devine* were binding, it did not hold that dismissal of the child's claim was the proper remedy. Nevertheless, courts in this circuit have mistakenly treated *Devine* as requiring the counsel mandate. *See* Appellant's Br. at 30-31 n.7 (collecting cases).

Thus, the district court's *sua sponte* decision could not have "correctly applied this Court's precedent." Appellee's Br. at 2. To the best of Appellant's knowledge, there was no precedent to apply. This Court is free to reach the unresolved legal dispute on the merits.

## CONCLUSION

This Court should reverse.

Dated: February 1, 2024              Respectfully submitted,

BAKER BOTTS, LLP

/s/ *Matthew P. Erickson*

Matthew P. Erickson
**BAKER BOTTS LLP**
401 South 1st Street, Suite 1300
Austin, Texas 78704-1296
Tel: 512.322.2500
Fax: 512.322.2501
matthew.erickson@bakerbotts.com

Aaron M. Streett
**BAKER BOTTS LLP**
910 Louisiana Street
Houston, Texas 77002-4995
Tel: 713.229.1234
Fax: 713.229.1522
aaron.streett@bakerbotts.com

Justin Butterfield
Hiram Sasser
**FIRST LIBERTY INSTITUTE**
2001 W. Plano Pkwy., Suite 1600
Plano, Texas 75075
Tel: 972.941.4444
Fax: 972.941.4457
jbutterfield@firstliberty.org
hsasser@firstliberty.org

*Attorneys for Plaintiff-Appellant Blake Warner*

3

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the page and type-volume limitations of Fed. R. App. P. 32(a)(7), because it contains 297 words, excluding parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typespace using 14-point Palatino Linotype.

*/s/ Matthew P. Erickson*
Matthew P. Erickson

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2024, I electronically filed this brief and thereby served all counsel of record through the Court's CM/ECF system.

/s/ *Matthew P. Erickson*
Matthew P. Erickson